O

UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| JOHNATHON RAMOS,<br><br>　　　　　Petitioner,<br><br>　　v.<br><br>JOE LIZZARAGA, Warden,<br><br>　　　　　Respondent. | Case No. CV 16-239-RGK (KK)<br><br>MEMORANDUM AND ORDER DENYING REQUEST FOR STAY AND SUMMARILY DISMISSING ACTION |

On January 4, 2016, "petitioner" Johnathon Ramos, a California state prisoner, constructively filed[1] a Motion for Stay and Abeyance in order to exhaust his claims in state court. ECF Docket No. ("dkt.") 1. However, because there is no pending petition, the Court cannot grant Ramos' Motion for Stay.

Under Article III of the Constitution, federal courts may only adjudicate cases or controversies, and may not issue advisory opinions. U.S. Nat'l Bank v. Independent Ins. Agents of Am., Inc., 508 U.S. 439, 446, 113 S. Ct. 2173, 124 L. Ed. 2d 402 (1993). Because Ramos has not actually filed a federal habeas petition challenging his conviction or sentence, there is no case or controversy properly before the Court. The Court therefore lacks jurisdiction to consider Ramos' Motion for Stay. See Calderon v. Ashmus, 523 U.S. 740, 746-49, 118 S. Ct. 1694,

---

[1] Under the "mailbox rule," when a pro se prisoner gives prison authorities a pleading to mail to court, the Court deems the pleading constructively filed on the date it is signed. Roberts v. Marshall, 627 F.3d 768, 770 n.1 (9th Cir. 2010) (citation omitted).

140 L. Ed. 2d 970 (1998) (no "case or controversy" where prisoners sought declaratory relief to determine the time limits that would govern future habeas actions); United States v. Cook, 795 F.2d 987, 994 (Fed. Cir. 1986) (district court erred by tolling statute of limitations in advance of the filing of potentially untimely claims).

If and when Ramos files a habeas petition in this Court, and if the exhaustion of his claims or the timeliness of that petition are questioned, this Court can consider whether Ramos is entitled to a stay pursuant to Rhines v. Weber, 544 U.S. 269, 161 L. Ed. 2d 440, 161 L. Ed. 2d 440 (2005) or Kelly v. Small, 315 F.3d 1063 (9th Cir. 2003) and whether statutory tolling under Title 28 of the United States Code, section 2244(d)(2) or to equitable tolling is warranted.  However, those matters cannot be decided at this juncture.

IT IS ORDERED that Ramos' Motion for Stay is DENIED, and that Judgment be entered summarily dismissing this action without prejudice.

Dated: March 09, 2016

HONORABLE R. GARY KLAUSNER
United States District Judge

Presented by:

KENLY KIYA KATO
United States Magistrate Judge

2